UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| PRINCETON SURGERY CENTER, LLC, | ) | CASE NO. 10-71778-BHL-11 |
| Debtor. | ) | |

## FIRST DAY MOTION FOR USE OF CASH COLLATERAL

Princeton Surgery Center, LLC, the debtor and debtor-in-possession (the "Debtor"), by counsel, for its above entitled motion (the "Motion"), states as follows:

1. The Debtor filed its petition for relief under Title 11, Chapter 11 of the United States Code on October 6, 2010 (the "Petition Date").

2. The Debtor owns and operates a surgery center located in Princeton, Indiana. The Debtor is owned by physician investors, among them Wagih Satar, M.D. The Debtor has obtained authority from its investors to proceed in this matter.

3. Since the Petition Date the Debtor has continued in the possession of its property pursuant to 11 U.S.C. §§ 1107 and 1108, codified at 11 U.S.C. § 101, *et seq.*, and is a debtor-in-possession. No trustee or examiner has been appointed in this case. No committees have been appointed or designated.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory predicates for relief requested herein are 11 U.S.C. §§ 103, 105(a), 361, 362, 363, 507(b), 552(b), 1106, 1107(a) and 1108.

6. <u>Statement Pursuant to S.D. Ind. B-9013-3(b)</u>. Prior to filing this Motion, counsel emailed a copy of this Motion (or a substantially similar version of this Motion) to counsel for the United States Trustee. Additionally, counsel has contacted the senior courtroom deputy to advise that a case with first day motions will be filed. Since then counsel has made efforts to meet with the United States Trustee and affected parties prior to filing.

7. The Debtor moves the Court for an Order pursuant to Section 363 of Title 11 of the United States Code and Rules 2007, 4001(b) and (c) and 9013 of the Federal Rules of Bankruptcy Procedure authorizing the Debtor to use pre-petition cash collateral ("Cash Collateral") within the meaning of 11 U.S.C. § 363(a).

8. The Debtor moves the Court for an Order declaring Integra Bank, N.A. ("Integra") has adequate protection of Integra's interest in the Cash Collateral of the Debtor in the form of a post-petition replacement lien in all assets of the Debtor to the same extent as Integra's valid, properly perfected lien in the Debtor's pre-petition property, excluding bankruptcy causes of action, to the extent necessary to secure Integra for any diminution in the value of the Cash Collateral securing the Debtor's pre-petition obligations to Integra that occur during the period of cash use, subject to any prior existing valid lien superior to Integra's on the date of filing.

9. The Debtor moves the Court for an Order declaring that Old National Bank ("Old National") is adequately protected by virtue of the post-petition payments which the Debtor will make to Old National.

10. That the Court conduct an emergency and/or interim hearing (the "Interim Hearing") on this Motion pursuant to Fed.R.Bankr.P. 4001 and enter an Order authorizing the Debtor to utilize Cash Collateral.

In further support of the Motion the Debtor states as follows:

11. As of the Petition Date the Debtor was indebted to Integra. Integra may maintain a perfected security interest in all of the assets of the Debtor, including the Debtor's Cash Collateral, by virtue of a security agreement executed by the Debtor. The financing statement evidencing same was recorded in the Office of the Secretary of State of Indiana on June 8, 2006.

12. As of the Petition Date the Debtor was indebted to Old National. The Debtor has performed a preliminary investigation and analysis of the related UCC filings by Old National, and based upon this preliminary investigation Debtor has been informed of an existing security interest. Old National's lien is not perfected the State of Indiana but may be a valid, enforceable and non-avoidable, first-priority lien and security interest in the Debtor's Cash Collateral, subject to any prior existing valid lien superior to Old National on the Petition Date.

## PROPOSED USE OF CASH COLLATERAL

13. The Debtor requires immediate use of the Cash Collateral to pay operating expenses.

14. The Debtor asserts that adequate protection exists for Integra because the Debtor will grant Integra a post-petition replacement lien in all assets of the Debtor to the same extent as Integra's valid, properly perfected lien in the Debtor's pre-petition property, excluding bankruptcy causes of action, to the extent necessary to secure the IRS for any diminution in the value of the Cash Collateral securing the Debtor's pre-petition obligation to Integra that occurs during the period of cash use, subject to any prior existing valid lien superior to Integra on the Petition Date.

15. The Debtor asserts that adequate protection exists for Old National because the Debtor will continue to make payments in full according to the Debtor's obligations under its agreement with Old National.

16. Without the proposed used of Cash Collateral sought hereunder, the Debtor will not have the liquidity required to maintain its operations in the ordinary course for the benefit of its patients, vendors and employees. The success of this Chapter 11 case is dependent upon obtaining the interim and final relief requested in this Order. The Debtor requires approval of the use of Cash Collateral on an emergency and interim basis to insure a smooth transition of business into Chapter 11. Without access to the use of Cash Collateral at the outset of this case, the Debtor's business, its patients, its estates and its creditors will be immediately and irreparably harmed.

<u>REQUEST FOR RELIEF</u>

The Debtor requests that the Court:

1. Enter, on an emergency basis after an expedited hearing, an Order authorizing the Debtor to use Cash Collateral and declaring that the Internal Revenue Service, Indiana Department of Revenue, Integra and Old National are adequately protected;

2. Schedule the Interim Hearing; and

4

3.   Grant such further relief as is just and proper in the premises.

                         KEATING & LaPLANTE, LLP


                         By: /s/ R. Stephen LaPlante
                              R. Stephen LaPlante, #8687-82
                              101 N.W. First Street, Suite 116
                              P.O. Box 3556
                              Evansville, IN 47734-3556
                              Telephone: (812) 463-6093
                              Facsimile: (812) 463-6094
                              E-mail:  slaplante@keatingandlaplante.com
                                            rallen@keatingandlaplante.com


## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2010, a copy of the foregoing First Day Motion for Interim Order Authorizing Debtor-in-Possession to Use Cash Collateral was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System.  Parties may access this filing through the Court's system.

ustpregion10.in.ecf@usdoj.gov

I further certify that on October 7, 2010, a copy of the foregoing First Day Motion for Interim Order Authorizing Debtor-in-Possession to Use Cash Collateral was served, either by facsimile, email or hand delivery, on the following:

| | | |
|---|---|---|
| Integra Bank, N.A.<br>P.O. Box 868<br>Evansville, IN 47705 | Alcon Laboratories, Inc.<br>6201 South Freeway<br>Dallas, TX 76134 | Bausch & Lomb Surgical<br>1400 N. Goodman St.<br>Rochester, NY 14609 |
| Boston Scientific<br>Credit Dept. - MS-A2<br>One Boston Place<br>Natick, MA 01760 | Cardinal Health<br>7000 Cardinal Place<br>Metro 3<br>Dublin, OH 43017-1091 | CGM, LLC<br>110 N. Main St.<br>Evansville, IN 47711 |
| Davis Stokes Collaborative, PC<br>7121 Crossroads Blvd.<br>Brentwood, TN 37027 | DeLage Landen Financial<br>Services<br>1111 Old Eagle School Rd.<br>Wayne, PA 19087-1453 | Diamatrix Ltd.<br>1544 Sawdust Rd., Ste. 502<br>The Woodlands, TX 77380 |

| | | |
|---|---|---|
| Evansville Outdoor Advertising, Inc.<br>999 N. Congress Ave.<br>Evansville, IN 47715 | Gregory C. Schulten<br>c/o Lane C. Siesky, Esq.<br>4424 Vogel Rd., Ste. 305<br>Evansville, IN 47715 | J & J Health Care Systems, Inc.<br>5972 Collections Center<br>425 Hoes Lane<br>Piscataway, NJ 08855 |
| Krieg Devault, LLP<br>One Indiana Square, Ste. 2800<br>Indianapolis, IN 46204-2079 | Laci L. Shaffer<br>c/o Jon Goldman, Esq.<br>KAHN, DEES, DONOVAN & KAHN, LLP<br>P.O. Box 3646<br>Evansville, IN 47735 | Medical Accounts Receivable Systems<br>100 Fulton Ct.<br>Paducah, KY 42001 |
| Medline Industries, Inc.<br>One Medline Place<br>Mundelein, IL 60060 | MicroSurgical Technology<br>8415 154th Ave. N.E.<br>Redmond, WA 98073 | Old National Bank<br>P.O. Box 867<br>Evansville, IN 47705-9987 |
| Princeton Ambulatory Building, LLC<br>2030 Sherman Dr.<br>Princeton, IN 47670 | Stryker Endoscopy<br>5900 Optical Ct.<br>San Jose, CA 95138 | W. Nuhsbaum, Inc.<br>760 Ridgeview Dr.<br>McHenry, IL 60050 |

KEATING & LaPLANTE, LLP

By: /s/ R. Stephen LaPlante
    R. Stephen LaPlante, #8687-82
    101 N.W. First Street, Suite 116
    P.O. Box 3556
    Evansville, IN 47734-3556
    Telephone: (812) 463-6093
    Facsimile: (812) 463-6094
    E-mail:  slaplante@keatingandlaplante.com
          rallen@keatingandlaplante.com